# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JOHN WILLIAM BARRETT # 27578**                                        **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 3:16-cv-156-TSL-RHW**

**MTC CORP.,** *et al.*                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court is [39] Defendants' motion to vacate the Court's order granting the *pro se* plaintiff leave to proceed *in forma pauperis* (IFP) in this prisoner civil rights lawsuit filed on March 1, 2016, pursuant to 42 U.S.C. § 1983. By Order [3] entered April 11, 2016, the Court granted John William Barrett's motion to proceed IFP which was filed contemporaneously with his complaint. In the Order, the Court acknowledged that Barrett has, on at least three occasions brought an action or appeal in a court of the United States which was dismissed on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] These "three strikes" under 28 U.S.C. § 1915(g), would ordinarily preclude Barrett from proceeding IFP in the present case. The statute provides:

> **(g)** In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Barrett strikes were assessed in: *Barrett v. Johnson, et al.*, 4:02cv100 MPM (N.D. Miss.), dismissed September 11, 2002 for failure to state a claim for which relief could be granted; *Barrett v. Vincent, et al.*, 4:01cv91-TSL (S.D. Miss.), dismissed June 7, 2001 for failure to state a claim on which relief can be granted; *Barrett v. Mississippi Department of Corrections, et al.*, USCA 09-60481, appeal (from 2:06cv271), provisional grant of IFP status withdrawn and appeal dismissed as frivolous June 29, 2011.

Noting that Barrett claims he is in "imminent danger of serious physical injury" because prison officials have allegedly failed to protect him from other inmates, the Court stated in the Order granting Barrett IFP status, "At this stage in the proceedings, the Court cannot definitively state that Plaintiff does *not* meet the exception provision."

On December 6, 2016, the undersigned conducted an omnibus/screening hearing,[2] during which Barrett clarified his claims against each Defendant and the facts underlying those claims. Based upon the additional information provided in Barrett's testimony, and in the exhibits presented on the motion now before the Court, the undersigned is of the opinion that Barrett has failed to show that he was under imminent danger of serious physical injury at the time he filed this lawsuit, and that his IFP status should be revoked.

Facts and Procedural History

According to the Mississippi Department of Corrections (MDOC) web site, John William Barrett is presently serving a life sentence for murder imposed by the Circuit Court of Lauderdale County, Mississippi on February 12, 2001. He entered the MDOC system February 27, 2001 and has no stated release date. He is confined at East Mississippi Correctional Facility (EMCF) in Meridian, Mississippi.

In his 115-page complaint (including attachments) Barrett complains he was assaulted by inmate Efren Whitfield on October 10, 2014, and during that assault Barrett stabbed Whitfield. This incident occurred in housing unit 4A, where Barrett had been housed for several months. [1, p. 68], [37-1, p. 13], [37-2] Barrett testified he had never had any problems with Whitfield

---

[2]See *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

before the altercation, and had no red-tag in place to keep Whitfield away from him. Barrett believes Whitfield got angry because Barrett interrupted Whitfield's conversation with an officer immediately before the assault. [37-6], [37-1, pp. 19-21] Barrett takes the position that younger inmates should be kept away from older inmates like himself. [37-1, p. 21] Following this incident, Barrett was moved to housing unit 2B, where he was housed from October 11, 2014 until December 8, 2014. Barrett wanted to be moved back to his cell in Unit 4, with his same cell mate. [1, pp. 64-66, 68-78, 84-88], [37-1, pp. 22-23], [37-5, p. 10], [37-2]

Barrett claimed his cell mate in 2B was mentally ill and, pursuant to Barrett's own request, he was again moved, this time to unit 3D, where he stayed from December 8, 2014 until October 30, 2015. [1, pp. 65-66], [37-1, pp. 23-24], [37-2] Barrett complained that no one forced the inmates on 3D to bathe regularly. [37-1, pp. 24-25] When he voiced these complaints to Defendant Morgan, she had him moved from the lower tier in 3D to cell 202 on the upper tier of 3D. Still no one required the other inmates to bathe, and Barrett continued to complain about that and other matters, *e.g.*, that his cell-mate did not bathe and woke him during the night due to his (Barrett's) snoring; that he was housed with mentally dysfunctional inmates; that he was assigned a top bunk and once fell climbing up to the top bunk. [37-1, pp. 25-26, 30-31, 40-41] Barrett's medical records document a January 2015 injury from such a fall, however, his records show his assigned bunk was a lower one. [37-8, p. 14], [37-2], [37-9, p. 14] Even Barrett has stated that he was assigned a lower bunk at that time. [37-9, p. 6]

In October 2015, Barrett was moved to housing unit 3C. [37-2] The next morning, as he was at the door getting his morning medication from Nurse Hunter, inmate Daniel Ball hit him from behind and continued to hit and kick Barrett, resulting in Barrett's sustaining facial and

3

dental injuries. [1, p. 8] Barrett testified he had known Ball from 3D, but had never had any prior altercations with him, and that Ball had been moved to 3C "long before" they moved Barrett to 3C. [37-1, pp. 27, 38-39] Ball was issued a Rules Violation Report and placed in segregation, and Barrett was transported to Rush Hospital Emergency Room for further evaluation and treatment following examination by prison medical personnel. [37-4] Barrett testified he has not been housed around Ball since the October 2015 incident. [37-1, p. 39]

Barrett testified he sued psychologist Dr. Marshall Powe because Powe failed to have him moved to another unit after the Ball assault and provided a deficient response to his grievance EMCF-15-2458. [37-1, pp. 35-36] Dr. Powe responded to Barrett's grievance (concerning his being moved to 3C where he could be assaulted by Ball) that he (Dr. Powe) "had no knowledge of [Barrett's] being moved from Delta Pod for any reason other than his mental stability," and noting that Barrett was on anti-depressant medication. [37-5, pp. 6-11] Barrett sued Warden Frank Shaw and Deputy Warden Norris Hogans because he wrote them letters and filed grievances after the Ball assault and they failed to move him out of housing unit 3. [37-1, pp. 44-46] And he sued MTC because it allowed younger or gang-affiliated inmates to be housed around older inmates. [37-1, p. 44] Barrett claims corrections officers failed to protect him from attack by other inmates, and that Defendants Tonya Morgan and Marcell Walker retaliated against him by moving him to housing unit 3C where Ball attacked him. [37-1, pp. 5-8]

Law and Analysis

The April 26, 1996 enactment of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)("PLRA") modified the requirements for proceeding *in forma pauperis* in

4

federal courts. Among other things, a prisoner's privilege to proceed IFP is revoked if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g). It is undisputed that Barrett has three strikes under the statute. The statute provides but one exception, that being for a prisoner who is under imminent danger of serious physical injury. The danger must exist at the time the complaint or motion to proceed IFP is filed rather than when underlying events occurred, as the exception is to prevent *impending* harms, not those which have already occurred. *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998); *Davis v. Flagg*, 2011 WL 3207742, at *2 (S.D. Miss. June 29, 2011) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002)). To meet the imminent danger requirement, the threat must be "real and proximate," a "genuine emergency where time is pressing;" allegations of past harm do not suffice. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002) and *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). A prisoner's conclusory allegations of imminent danger are insufficient to avoid the three-strike bar. *Smith v. Blount*, 258 F. App'x 630 (5th Cir. 2007); *Gordon v. Fisher*, 2017 WL 1452317, at *2 (S.D. Miss. April 20, 2017); *Edmonson v. Sollie*, 2015 WL 737425, at *3 (S.D. Miss. February 20, 2015); *Banks v. Langford*, 2010 WL 1711757 (S.D. Miss. April 26, 2010).

Barrett alleges he has been attacked in two different housing areas by two different inmates with whom he had never had problems, once in 2014 and again in October 2015, some four months prior to the filing of the present lawsuit. He has made no claim that he was housed around his first attacker inmate Whitfield, and testified he has never been housed around inmate Ball since the October 2015 incident. Barrett's conclusory allegations of retaliation are based on

5

his being moved into the housing area where the second unforeseen assault occurred. The undersigned is of the opinion that such allegations fail to show the existence of imminent danger required to avoid the three-strike bar of 28 U.S.C. § 1915(g).

### RECOMMENDATION

Based on the foregoing, the undersigned recommends that Barrett's IFP status be revoked and that he be required to pay the requisite filing fee by a date certain, or have his case dismissed. The undersigned further recommends that all proceedings in the case be stayed pending payment of the filing fee.

### NOTICE OF RIGHT TO APPEAL/OBJECT

A party has 14 days after service of a copy of this Report and Recommendation to serve and file with the Clerk any written objections to it. *L.U.Civ.R.* 72(a)(3). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. Responses to objections must be filed within seven days after service, or the opposing party must notify the District Judge that he does not intend to respond to the objection. A party who fails to timely file written objections to the Report and Recommendation is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 29th day of November, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE